## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY W. WILLIAMS, TRUSTEE OF | § | |
| THE WEST HILLS PARK JOINT VENTURE | § | |
| BANKRUPTCY ESTATE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2493 |
| | § | |
| THE HOME DEPOT USA, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

The Home Depot USA, Inc. ("Home Depot") has moved for reconsideration, asking this court to reverse its summary-judgment ruling that Home Depot must indemnify the West Hills Park Joint Venture ("West Hills Park") for a Texas state-court judgment arising out of work done to prepare land owned by West Hills Park for development as a shopping center that included a Home Depot store. The judgment awarded damages to the owner of adjoining land. West Hills Park based its indemnity demand on its contract with Home Depot. That contract did not provide for indemnity for a party's own negligence. Home Depot argues that the Texas express-negligence doctrine applies to preclude West Hills Park from obtaining indemnity from Home Depot for the state-court judgment.

The state-court case was tried against West Hills Park after Home Depot settled with the underlying plaintiff. The jury answered "yes" to two sets of questions: one asking whether West Hills Park was negligent and whether that negligence proximately caused the plaintiff's property damage, and one asking whether the strict-liability theory of loss of lateral support applied and

whether that loss of support was a producing cause of the damage.  (Docket Entry No. 15, Ex. A).
Judgment was entered on the verdict, without distinguishing between the two grounds for liability.

Randy Williams, the bankruptcy trustee for West Hills Park, sued Home Depot in this court,
seeking indemnity for the state-court judgment under the parties' contract.  The parties cross-moved
for summary judgment.  In a memorandum and order dated June 23, 2011,[1] this court concluded that
the express-negligence doctrine did not apply and that, based on undisputed facts in the record, the
contract required Home Depot to indemnify West Hills Park.  This court denied summary judgment
for Home Depot and granted it for West Hills Park.  (Docket Entry No. 14).

Home Depot has moved for reconsideration based on the express-negligence doctrine.  Home
Depot relies on the state-court judgment and jury verdict.  West Hills Park argues that this court
properly examined the summary-judgment record evidence, in addition to the jury verdict, in
determining the duty to indemnify.  According to West Hills Park, the express-negligence doctrine
does not apply because the summary-judgment evidence it introduced showed that the property
damage was caused by an agent of Home Depot.  According to Home Depot, the summary-judgment
evidence is insufficient to establish that its agent caused the property damage that was the basis of
the state-court judgment.

Based on the motion, response, and reply; the arguments of counsel; the record; and the
applicable law, this court grants the motion for reconsideration in part and denies it in part.  The
summary-judgment ruling that, on this record, the express-negligence doctrine does not preclude
West Hills Park from seeking indemnity from Home Depot remains in place.  Home Depot's motion
for summary judgment is denied.  But the prior ruling granting West Hills Park's summary-judgment

---

[1] That memorandum and order was released without adequate proofreading.  The court apologizes for the
mistakes that remained as a result.

motion is withdrawn.  On reconsideration, this court concludes that the record is inadequate to show

that, as a matter of law, West Hills Park is entitled to indemnity by Home Depot for the state-court

judgment.  As a result, the summary-judgment motion filed by West Hills Park is also denied.  A

status and scheduling conference to resolve the remaining issues is set for **April 16, 2012**, at 5:30

p.m., in Courtroom 11-B.

The reasons for these rulings are explained below.

## I.    Background

The background is set out fully in this court's June 23, 2011 Memorandum and Order.

(Docket Entry No. 14).[2]  To summarize, Home Depot and West Hills Park agreed to develop

adjacent parcels of land in Huntsville, Texas to build a shopping center.  They signed a Reciprocal

Easement and Operation Agreement ("Agreement"), dated October 16, 2001.  The Agreement

contains the following reciprocal indemnification clause:

> Each Owner shall indemnify, defend, save and hold every other
> Owner, tenant, and occupant of the Center harmless (except for loss
> or damage resulting from the tortious acts of such other parties) from
> and against any damages, liabilities, actions, claims, and expenses
> (including attorneys' fees in a reasonable amount) in connection with
> the loss of life, bodily injury, personal injury and/or damage to
> property arising from or out of any occurrence in or upon such
> Owner's Parcel, or occasioned wholly or in part by any act or
> omission of said Owner, its tenants, agents, contractors, employees,
> or licensees.

(Docket Entry No. 5, Ex. A, ¶ 4.1).  Home Depot and West Hills Park are the "Owners" under the

Agreement.  (*Id.*, Preliminary Statement).

The parties conducted excavation and grading work on West Hills Park's land to develop it

---

[2]*See also Williams v. Home Depot USA, Inc.*, Civ. A. No. H-10-2493, 2011 WL 2517261 (S.D. Tex. June 23, 2011).

as a shopping center, which would include a Home Depot store. Boxcars Properties owned adjacent property. The excavation involved the removal of approximately ten feet of dirt near the Boxcars property. Boxcars sued Home Depot and West Hills Park in Texas state court, alleging that the excavation and related work damaged apartment buildings and a swimming pool on the Boxcars property. Boxcars asserted causes of action for negligence and for loss of lateral support, a strict-liability theory. Home Depot settled with Boxcars. The state court severed Boxcars's claims against Home Depot and nonsuited Home Depot before the trial between Boxcars and West Hills Park began.

The jury found West Hills Park liable for negligence and strict liability and awarded Boxcars $2,859,009. Neither the verdict nor the judgment specified whether the damages were based on negligence or strict liability. West Hills Park did not appeal. Instead, West Hills Park sued Home Depot in federal court, seeking indemnification for the state-court judgment under the Agreement. West Hills Park alleged that Home Depot's acts caused the damage to the Boxcars property. Home Depot argued, and continues to argue, that West Hills Park cannot seek contractual indemnification because: (1) the jury found West Hills Park negligent and strictly liable for the damage; and (2) the contract between Home Depot and West Hills Park did not expressly provide indemnity for a party's own negligence or strict liability.

West Hills Park and Home Depot filed cross-motions for summary judgment. The issue was whether the Agreement required Home Depot to indemnify West Park Hills for the state-court judgment. On June 23, 2011, this court determined that the record evidence showed that a Home Depot contractor had caused the damage for which West Hills Park was held responsible in the underlying state-court action. The Texas express-negligence doctrine does not apply to conduct by

4

a party other than the indemnitee.  As a result, Home Depot was required to indemnify West Hills

Park.  On July 27, 2011, Home Depot sought reconsideration of the June 23, 2011 memorandum and

order.

## II.     The Standard for Reconsideration

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration,

such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule

60(b) motion for relief from judgment or order."  *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328

n.1 (5th Cir. 2004).  Whether a motion is considered under Rule 59(e) or Rule 60(b) depends on

when it is filed. "If the motion is filed within ten days of the judgment or order of which the party

complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Id.*

The 2009 amendments to the Federal Rules of Civil Procedure extended the time for filing a Rule

59(e) motion from 10 days to 28 days.  *See* FED. R. CIV. P. 59 Committee Note (2009); *Williams v.*

*Thaler*, 602 F.3d 291, 303 n.7 (5th Cir. 2010).  Neither Rule 59(e)'s 28-day deadline nor Rule

60(b)'s one-year deadline may be extended.  FED. R. CIV. P. 6(b)(2).

Home Depot moved for reconsideration more than 28 days after this court granted summary

judgment for West Hills Park.  Rule 60(b), not Rule 59(e), governs.  "Unlike a motion for new trial

under Rule 59(a), however, Rule 60(b) only encompasses specifically enumerated grounds."

*Weckesser v. Chicago Bridge & Iron*, 447 F. App'x 526, 529 (5th Cir. 2011) (per curiam).  They are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could
> not have been discovered in time to move for a new trial under Rule
> 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Rule 60(b)(1) applies when the party seeking relief from judgment bases its motion on a legal error by the district court. *See Benson v. St. Joseph Regional Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009).[3] A Rule 60(b)(1) motion "may be used to rectify an obvious error of law, apparent on the record." *Id.* (internal quotation marks omitted); *McMillan*, 4 F.3d at 367. The "focus on 'obvious' legal error, which [the Fifth Circuit] as a matter of course would correct anyway, is to prevent a Rule 60(b) motion from being used as a substitute for a timely appeal on disputed issues." *Benson*, 575 F.3d at 547.

## III.   Analysis

This court previously concluded that West Hills Park was entitled to contractual indemnity for two reasons: first, the state-court verdict and judgment did not give rise to issue preclusion preventing West Hills Park from arguing that Home Depot's negligence and strict liability, not its own, caused the Boxcars property damage; and second, the record evidence showed that the excavation work at issue was performed by a Home Depot contractor. Home Depot argues that this first conclusion is inconsistent with long-established binding Texas case law on the express-negligence doctrine and that the second conclusion is unsupported by the record.

### A.   Issue Preclusion and the Express-Negligence Doctrine

---

[3]Rule 60(b)(6) does not apply to claims of legal error: "claims of legal error or mistake . . . are subsumed under subsection (1)." *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993); *accord Castleberry v. CitiFinancial Mortg. Co. Inc.*, 230 F. App'x 352, 356 (5th Cir. 2007) (per curiam).

Home Depot argues that the express-negligence doctrine must apply because, until the court's previous memorandum and order, "there has never been a case decided under Texas law in which a party that was judged negligent by a jury was permitted to seek contractual indemnity for that judgment without having to show that the contract of indemnity complied with the express negligence doctrine." (Docket Entry No. 15, at 2). Home Depot relies on the state-court judgment and underlying jury verdict.

This case is distinguishable from those cited by Home Depot. None of those cases involved: (1) a jury's findings in a state-court action that a defendant was negligent and strictly liable; (2) asserted by a party to an indemnity contract who was neither a plaintiff nor a defendant in the underlying action when it was tried; (3) as the sole basis for resisting contractual indemnity sought by the state-court defendant in a subsequent declaratory-judgment action. The cases that Home Depot cites did not hold that when, as here—(1) the party seeking contractual indemnity for a state-court judgment was found negligent and strictly liable but no distinction was made between the two bases for liability in the verdict or judgment; (2) the record before the court deciding the indemnity issue does not include any evidence from the underlying trial; and (3) the contracting party against whom indemnification is sought was not a party to the state-court suit when it was tried—the following result is required: the state-court verdict and judgment is preclusive and prevents the party seeking indemnity from presenting, and the court deciding indemnity from considering, evidence that an agent of the contracting party—from whom indemnity is sought—was responsible for the damage leading to the state-court judgment.

Under Texas law, the duty to indemnify depends not only on the verdict in the underlying state-court case, but on the facts underlying the liability verdict. To determine the duty to

indemnify, a court "may have to look beyond the verdict to the facts proven in the underlying state court trial." *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Puget Plastics Corp.*, 450 F. Supp. 2d 682, 695 (S.D. Tex. 2006) (citing, among other cases, *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex. 1997)); *see also Ins. Co. of N. Am. v. McCarthy Bros. Co.*, 123 F. Supp. 2d 373, 377 (S.D. Tex. 2000) ("In Texas, the underlying liability facts, rather than the legal theory of liability, trigger the duty to indemnify."). Home Depot was not a party to the state-court case when the trial between Boxcars and West Hills Park took place. The record here does not include the evidence presented at that trial. The record in this case about the state-court case consists only of Boxcars's original petition, the pretrial severance and nonsuit of Home Depot, the jury questions and answers, and the judgment.

Home Depot faults this court for using issue-preclusion principles to help analyze whether the express-negligence doctrine prevents West Hills Park from recovering under the Agreement's indemnification clause. But Home Depot's argument for applying the express-negligence doctrine rests on treating the jury's findings that West Hills Park was negligent and strictly liable as preclusive on the issue of whether West Hills Park is seeking indemnification for its own negligence or strict liability. That turns on whether those findings are entitled to issue preclusion.[4] Beyond arguing that issue preclusion is not relevant, Home Depot has not argued more specifically that this court's application of Texas issue-preclusion law was incorrect. As this court explained in its

---

[4]Home Depot cites *Texas Department of Transportation v. Metropolitan Transit Authority of Harris County*, No. 01-01-00613-CV, 2002 WL 724927 (Tex. App.—Houston [1st Dist.] Apr. 25, 2002, no pet.), an unpublished opinion that this court cited in its initial opinion, for the proposition that Texas courts would rely on a jury's finding to apply the express-negligence doctrine. (*See* Docket Entry No. 15, at 7). Home Depot quotes *TxDOT*: "The express negligence doctrine would be relevant to this case only if TxDOT had been found negligent by the jury and TxDOT was still seeking indemnity from Metro." *Id.* at *2. The *TxDOT* court was not faced with a situation in which it had a judgment that rested on alternative grounds and in which there was an issue as to whether TxDOT or Metro was responsible for the conduct. The *TxDOT* case is an example of the absence of a Texas case addressing the unusual legal issue presented here.

previous opinion, (Docket Entry No. 14, at 11–12), under Texas law, "[t]he general rule is that there cannot be estoppel by alternative holdings." *Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 97 (Tex. App.—Eastland 2010, pet. denied) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 522 (Tex. 1998)).  An exception "to the general rule of no preclusion [exists] when alternative holdings are appealed and affirmed." *Johnson & Higgins*, 962 S.W.2d at 522.  "The rationale for this rule is that a determination in the alternative may not have been as rigorously considered as it would have been if necessary to the result, and the losing party may be dissuaded from appealing one determination because of the likelihood that the other will be upheld." *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 722 (Tex. 1990).  In this case, the state-court jury found against West Hills Park under two theories: negligence and strict liability.  Either of these theories could have supported the liability and damages findings.  The state-court judgment was not appealed.  Issue preclusion does not apply to the jury's verdict.

Issue preclusion is inapplicable for an additional reason.  For one party to assert issue preclusion against another party in a subsequent action, "the parties [must have been] cast as adversaries in the first action." *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. a ("The rule of issue preclusion is operative where the second action is between the same persons who were parties to the prior action, and who were adversaries (see § 38) with respect to the particular issue, whether the second action is brought by the plaintiff or by the defendant in the original action.").  Home Depot was not a party to the underlying action when it was tried.  Home Depot cannot rely only on the state-court judgment and jury verdict to resolve the issue of whether West Hills Park is seeking indemnity for its own negligence and strict liability.

In sum, this court did not obviously err under Texas law from looking beyond the verdict and judgment in the state court to determine indemnity.  Home Depot's motion for reconsideration of the denial of its summary-judgment motion is denied.

**B.      The Summary-Judgment Evidence**

Home Depot next argues that, even if the express-negligence doctrine does not apply, West Hills Park did not present sufficient evidence entitling it to summary judgment that it is entitled to indemnity.  (Docket Entry No. 15, at 13).  After careful reconsideration of the record, the court agrees that granting West Hills Park's motion for summary judgment that it was entitled to indemnity was obviously erroneous.

The evidence submitted by West Hills Park is insufficient to show that, as a matter of law, the state-court judgment was for damage caused by a Home Depot contractor.  West Hills Park's corporate representative, Alvin Freeman, testified that West Hills Park did not hire a contractor to carry out the excavation work.  (Docket Entry No. 9, at 25).  West Hills Park presented evidence of a contract between Home Depot and Rockwell Construction Corporation of Texas to construct the Home Depot Store #6578.  (Docket Entry No. 8, Ex. C).  But the record does not make clear who did the excavation and related work, whether that entity or person was hired by Home Depot or West Hills Park, and whether that work caused the damage to the Boxcars property.  Freeman's deposition testimony shows that West Hills Park and Home Depot shared at least one contractor or subcontractor, a man named Grissom.  West Hills Park hired Grissom to clear land after the excavation.  (Docket Entry No. 9, at 25–26).  West Hills Park may have hired, or authorized, Grissom—who had graded the Home Depot land—to grade its land as well.  (*Id.*, at 49–51). Freeman's deposition testimony indicates that West Hills Park had at least some involvement in

hiring agents to perform the work to prepare its land for construction.  And there is no evidence as to what work caused the damage leading to the state-court damages award.  On the record evidence it submitted, West Hills Park is not entitled to summary judgment that, as a matter of law, it is entitled to contractual indemnity.

**IV.    Conclusion**

Home Depot's motion for reconsideration, (Docket Entry No. 15), is granted in part and denied in part.  On reconsideration, the parties' cross-motions for summary judgment, (Docket Entry Nos. 5, 8), are both denied.  A status and scheduling conference is scheduled for **April 16, 2012**, at 5:30 p.m., in Courtroom 11-B.

SIGNED on March 30, 2012, at Houston, Texas.

_____

Lee H. Rosenthal

United States District Judge

11